# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JENNIFER PARRISH, et al.,

    Plaintiffs,

v.

GOVERNOR MARK DAYTON, in his
official capacity as Governor of the
State of Minnesota, et al.,

    Defendants,

and

AFSCME Council 5, et al.,

    Intervenors.

**MEMORANDUM OF LAW & ORDER**
Civil File No. 13-1348 (MJD/AJB)

William L. Messenger, National Right to Work Legal Defense Foundation; and Craig S. Krummen, Winthrop & Weinstine, PA, Counsel for Plaintiffs.

Alan I. Gilbert and Kristyn M. Anderson, Minnesota Attorney General's Office, Counsel for Defendants.

Gregg M. Corwin and Jordan Stockberger, Gregg M. Corwin & Associate Law Office, PC, and John M. West, Bredhoff & Kaiser PLLC, Counsel for Intervenors.

This matter is before the Court on Plaintiffs' Motion for an Injunction Pending Appeal. [Docket No. 52]

On June 5, 2013, Plaintiffs, Minnesota family child care providers, filed a Complaint in this Court against Defendants Governor Mark Dayton, Bureau of Mediation Services Commissioner Josh Tilsen, and Department of Human Services Commissioner Lucinda Jesson, all in their official capacities, asserting that the Family Child Care Providers Representation Act violates their First Amendment rights. On July 28, 2013, the Court denied Plaintiffs' Motion for Preliminary Injunction and granted Defendants' Motion to Dismiss because the Court determined that Plaintiffs' claims were not ripe and, thus, the Court did not have jurisdiction. [Docket No. 49] Plaintiffs now request an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c).

When addressing a Rule 62(c) motion, the Court applies the same Dataphase factors that it applies to a motion for a preliminary injunction. See Shrink Mo. Gov't PAC v. Adams, 151 F.3d 763, 764 (8th Cir. 1998). Plaintiffs

> must show (1) the likelihood of success on the merits; (2) the likelihood of irreparable injury to appellants absent an injunction; (3) the absence of any substantial harm to other interested parties if an injunction is granted; and (4) the absence of any harm to the public interest if an injunction is granted.

2

Id. (citing Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 114 (8th Cir. 1981)).

Here, the Court has already determined that Plaintiffs' claims are not ripe and has dismissed this matter for lack of subject matter jurisdiction. Thus, the Court holds that Plaintiffs will not succeed on their claims. Moreover, as the Court explained in its ripeness analysis, at this time, the likelihood of irreparable injury to Plaintiffs is speculative and remote. Imposition of an injunction based on an unripe claim and the speculative threat of injury will thwart the public interest in enforcement of a law enacted by the people's elected officials. The facts in the record have not changed since this Court's July 28 Order. The Court incorporates its analysis from the July 28 Order and determines that injunctive relief is not warranted.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Plaintiffs' Motion for an Injunction Pending Appeal [Docket No. 52] is **DENIED**.

Dated: August 27, 2013            s/ Michael J. Davis
                                  Michael J. Davis
                                  Chief Judge
                                  United States District Court